FAIGA MOEILAGI LAUVAO, ANDREW T. PAGOFIE, and
FOMAI PAEPULE PAGOFIE,

v.

AMERICAN SAMOA GOVERNMENT, FA`ALELEI ELI SOLI
aka FA`ALELEI P. SOLI, RASELA PAGOFIE, PAGOFIE
FIAIGOA ARTHUR aka PAGOFIE FIAIGOA A., FELILI S.
PAGOFIE, FIATELE K. MUAO, REV. PANAMA MUTU,
CHARLIE TAUTOLO, MELEANE TAUTOLO, MAX HALECK
aka POE MAKISI, TAUILIMA HALECK, AMA VAIULA aka
AMA TUATOO-FARETI, SAELUA TIPENI, FA`ATAAPE VA`A
PULA, ANETERE`A MISIOKA, TAVAI MISIOKA, TULELEA
AA`U, ETI SA`AGA, FONOTI JESSOP, LAELI FALE, THE
ESTATE OF PAGOFIE SASA`E by and through its administrator,
FA`ALELEI P. SOLI, and JOHN DOES 1 to 20.

High Court of American Samoa
Land and Titles Division

LT No. 10-97

August 12, 1997

Before: KRUSE, Chief Justice, TAUANU`U, Chief Associate Judge,
and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiffs, Malaetasi M. Togafau
        For Defendant American Samoa Government, Gwen F.
        Tauiliili-Langkilde
        For Defendant Fonoti Jessop, Gata E. Gurr
        For Defendant Fa`alelei Eli Soli, Afoa M. Lutu
        For Defendants Ama Tuato`o Fareti and Saelua Tapeni,
        Katopau T. Ainuu

For Rev. Panama Mutu, Charlie Tautolo, Meleane Tautolo, Eti Saaga, and Laeli Fale, Arthur Ripley, Jr.
For Intervenor Amerika Samoa Bank, William H. Reardon

## Introduction

On May 20, 1997, plaintiffs, who are all senior "male" members of the Pagofie family, filed a complaint for declaratory relief, injunctive relief, and summary eviction. Plaintiffs claim that 13.57 acres of land in the village of Tafuna, American Samoa ("Soata"), have been duly registered as the communal property of the Pagofie Family. Plaintiffs further allege that defendants Fa`alelei Eli P. Soli ("Soli"), Rasela Pagofie, Pagofie Fiaigoa Arthur, Fiatele K. Muao, and Felili S. Pagofie, and the Estate of Pagofie Sasa`e ("the Six") subdivided the land Soata into lots and illegally alienated this communal family land. The plaintiffs have also sued the American Samoa Government ("ASG"), which sanctioned the Six's conduct by recording the deeds.

On June 11, 1997, ASG filed a motion to disqualify plaintiffs' counsel and to dismiss plaintiffs' complaint. On July 10, 1997, the court conducted a hearing on the motion.

## Discussion

The American Samoa Administrative Code states that:

> It shall be a breach of ethical standards for any former employee, within twelve months after cessation of the former employee's official responsibility, knowingly to act as a principal, or as an agent for anyone other than the government, in connection with any: (i) Judicial or other proceeding, application request for a ruling, or other determination; (ii) Contract; (iii) Claim; or (iv) Charge or controversy, in matters which were within the former employee's official responsibility, where the government is a party or has a direct or substantial interest.

A.S.A.C. § 10.0292(h)(2)(B). ASG contends that plaintiffs' counsel, Malaetasi Togafau ("Togafau")[1], has violated this provision through his representation of the plaintiffs in the present matter. More specifically, ASG alleges that Togafau was employed as the Attorney General of American Samoa from January 1993 through December 1997, less than

---

[1] ASG's motion also discussed the participation of Counsel Cherie Shelton-Norman, Togafau's partner, but Shelton-Norman's withdrawal from the case for personal reasons has effectively disposed of the ASG's claim against her.

one year before the filing of this action; that in his capacity as Attorney General, Togafau served as legal counsel for the Office of the Territorial Registrar; that Togafau advised the Territorial Registrar on her responsibilities in registering deeds of land in general and with regards to the land "Soata." Thus, concludes ASG, Togafau is in violation of A.S.A.C. § 10.0292(h)(2)(B) by serving as an agent in a "[j]udicial . . . proceeding" regarding a land "[c]laim" or "controversy" to which the government is a "party."

■ However, we concur with plaintiffs that A.S.A.C. § 10.0292(h)(2)(B), indeed the entire set of rules in Title 10, Chapter 2 of the American Samoa Administrative Code, regulates only government employee conduct with respect to the procurement of construction, goods, and services. Administrative rules must not only be consistent with the statute under which they are promulgated, but also within the scope of the legislative delegation. *See United States v. Larionoff*, 431 U.S. 864 (1977); *Manhattan Gen. Equip. Co. v. Commissioner*, 297 U.S. 129, 134 (1936).

■ The administrative rules contained in Title 10, Chapter 2 of the American Samoa Administrative Code were promulgated by the Chief Procurement Officer pursuant to statutory authority so as to advance a particular government purpose: to maximize integrity in the procurement of construction, goods, and services. *See* A.S.C.A. § 12.0214; A.S.A.C. § 10.0202. Thus, we conclude that A.S.A.C. § 10.0292(h)(2)(B) must not regulate government employee ethics outside the context of procurement. While ASG's argument is a fine example of creative legal advocacy, we cannot adopt ASG's position that A.S.A.C. § 10.0292(h)(2)(B) extends to Togafau's representation of plaintiffs.[2]

### Conclusion and Order

Accordingly, the motion to disqualify Togafau as counsel for the plaintiffs and to dismiss the complaint with prejudice is DENIED.

It is so Ordered.

■

---

[2] We refuse to consider ASG's second ground for disqualification, the alleged "violation of the duty of fidelity that is imposed . . . [by] American Bar Association Model Code of Professional Responsibility Canon 4-6 and Disciplinary Rule 5-101(B)." On June 16, 1989, the Chief Justice of the High Court amended HCR 155, and on May 17, 1993, amended HCR 104, adopting the ABA Rules of Professional Conduct and thereby uniformly supplanting the Code of Professional Responsibility.